UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| ACTION INK, INC., | * | CIVIL ACTION NO. 2:12-CV-00141 |
| Plaintiff, | * | SECTION "R"2 |
| -against- | * | JUDGE SARAH S. VANCE |
| ANHEUSER-BUSCH, INC., | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |
| Defendant. | * | JURY TRIAL DEMANDED |

**DEFENDANT ANHEUSER-BUSCH, LLC'S AMENDED
ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Anheuser-Busch, LLC., ("Anheuser-Busch") (formerly Anheuser-Busch, Inc.), by and through undersigned counsel, for its Answer to the Complaint filed by plaintiff, Action Ink, Inc. ("Plaintiff" or "Action Ink"), alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

**I. NATURE OF THE ACTION**

1.  Anheuser-Busch denies the allegations set forth in Paragraph 1 of the Complaint.

2.  Anheuser-Busch denies that Action Ink has a valid trademark and denies the remaining allegations set forth in Paragraph 2 of the Complaint, but (i) admits that the United States Patent and Trademark Office ("USPTO") issued and renewed U.S. Registration No. 1,348,458 to Action Ink; and (ii) denies knowledge or information sufficient to form a belief as to any alleged services or licensing provided by Plaintiff.

3. Anheuser-Busch denies the allegations set forth in Paragraph 3 of the Complaint, but (i) admits that Anheuser-Busch has used the phrase "Ultimate Fan" in conjunction with Anheuser-Busch's famous marks (e.g. BUDWEISER, BUD LIGHT) for the promotion of its malt beverage products since well before September 2009 to the present in various promotions and/or sweepstakes such as the "Bud Light®/Redskins Ultimate Fan Sweepstakes"; (ii) admits that Plaintiff sent cease and desist letters to Anheuser-Busch on or about September 29, 2009, and October 14, 2009, in which Plaintiff alleged that the phrase "Ultimate Fan" as used by Anheuser-Busch was similar to a mark that Plaintiff purported to own, and (iii) admits that, following requests from counsel for Anheuser-Busch for more information about Plaintiff's alleged mark (including examples of current use of the alleged mark by Plaintiff), Anheuser-Busch received no further correspondence from Plaintiff until Plaintiff sent another cease and desist letter on or about November 9, 2011.

4. Anheuser-Busch denies the allegations set forth in Paragraph 4 of the Complaint, but (i) admits that Anheuser-Busch continued using the phrase "Ultimate Fan" in conjunction with Anheuser-Busch's famous marks for the promotion of its malt beverage products after Plaintiff contacted Anheuser-Busch in or about September 2009; and (ii) denies knowledge or information sufficient to form a belief as to when Plaintiff became aware thereafter of Anheuser-Busch's continued use of the phrase "Ultimate Fan" in connection with its famous marks.

5. Anheuser-Busch denies the allegations set forth in Paragraph 5 of the Complaint but denies knowledge or information sufficient to form a belief as to any goods or services offered by Plaintiff.

## II. JURISDICTION AND VENUE

6.      Anheuser-Busch denies the allegations set forth in Paragraph 6, but admits that this Court has personal jurisdiction over Anheuser-Busch.

7.      Anheuser-Busch denies the allegations set forth in Paragraph 7, but admits that this Court has jurisdiction over the subject matter herein.

8.      Anheuser-Busch denies the allegations set forth in Paragraph 8, but admits that venue is proper in this judicial district.

## III. THE PARTIES

9.      Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint.

10.     Anheuser-Busch denies the allegations set forth in Paragraph 10, but admits that Anheuser-Busch has its principal place of business in the State of Missouri.

## IV. FACTUAL ALLEGATIONS

11.     Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint.

12.     Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint but admits the USPTO added U.S. Registration No. 1,348,458 to the Principal Register on July 9, 1985.

13.     Anheuser-Busch denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint.

15.     Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint.

16. Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint.

17. Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint.

18. Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint.

19. Anheuser-Busch denies the allegations set forth in Paragraph 19 of the Complaint but admits that Anheuser-Busch has used the phrase "Ultimate Fan" in conjunction with Anheuser-Busch's famous marks for the promotion of its malt beverage products.

20. Anheuser-Busch denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Complaint but admits that Anheuser-Busch has used the phrase "Ultimate Fan" in conjunction with Anheuser-Busch's famous marks for the promotion of its malt beverage products in partnership with third parties.

21. Anheuser-Busch denies the allegations set forth in Paragraph 21 of the Complaint.

22. Anheuser-Busch denies the allegations set forth in Paragraph 22 of the Complaint.

23. Anheuser-Busch denies the allegations set forth in Paragraph 23 of the Complaint, and further denies that Anheuser-Busch was required to obtain permission or to pay Action Ink any fee to use the phrase "Ultimate Fan" in connection with its famous marks in the promotion of Anheuser-Busch's malt beverage products.

24. Anheuser-Busch denies the allegations set forth in Paragraph 24 of the Complaint, but (i) admits that Plaintiff initially submitted cease and desist letters to Anheuser-Busch on or about September 29, 2009, and October 14, 2009; and (ii) admits that, over two

years after Plaintiff declined to respond to Anheuser-Busch's requests for more information in or about October 2009, Plaintiff again submitted a cease and desist letter to Anheuser-Busch on or about November 9, 2011.

25. Anheuser-Busch denies the allegations set forth in Paragraph 25 of the Complaint.

### FIRST CAUSE OF ACTION
**(Trademark Infringement (15 U.S.C. § 1114))**

26. Anheuser-Busch repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 25 of the Complaint.

27. Anheuser-Busch denies the allegations set forth in Paragraph 27 of the Complaint.

28. Anheuser-Busch denies the allegations set forth in Paragraph 28 of the Complaint, but admits that Plaintiff first contacted Anheuser-Busch in or about September 2009 and, at that time, Plaintiff purported ownership and registration of the alleged mark.

29. Anheuser-Busch denies the allegations set forth in Paragraph 29 of the Complaint.

30. Anheuser-Busch denies the allegations set forth in Paragraph 30 of the Complaint.

31. Anheuser-Busch denies the allegations set forth in Paragraph 31 of the Complaint.

32. Anheuser-Busch denies the allegations set forth in Paragraph 32 of the Complaint.

33. Anheuser-Busch denies the allegations set forth in Paragraph 33 of the Complaint.

1093885v1

34. Anheuser-Busch denies the allegations set forth in Paragraph 34 of the Complaint.

35. Anheuser-Busch denies the allegations set forth in Paragraph 35 of the Complaint.

36. Anheuser-Busch denies the allegations set forth in Paragraph 36 of the Complaint.

37. Anheuser-Busch denies the allegations set forth in Paragraph 37 of the Complaint.

38. Anheuser-Busch denies the allegations set forth in Paragraph 38 of the Complaint.

39. Anheuser-Busch denies the allegations set forth in Paragraph 39 of the Complaint.

### SECOND CAUSE OF ACTION
### (False Designation of Origin (15 U.S.C. § 1125(a)))

40. Anheuser-Busch repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 39 of the Complaint.

41. Anheuser-Busch denies the allegations set forth in Paragraph 41 of the Complaint.

42. Anheuser-Busch denies the allegations set forth in Paragraph 42 of the Complaint.

43. Anheuser-Busch denies the allegations set forth in Paragraph 43 of the Complaint.

44. Anheuser-Busch denies the allegations set forth in Paragraph 44 of the Complaint.

1093885v1

45. Anheuser-Busch denies the allegations set forth in Paragraph 45 of the Complaint.

## THIRD CAUSE OF ACTION
### (State Unfair Competition Law)

46. Anheuser-Busch repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 45 of the Complaint.

47. Anheuser-Busch denies the allegations set forth in Paragraph 47 of the Complaint.

48. Anheuser-Busch denies the allegations set forth in Paragraph 48 of the Complaint.

49. Anheuser-Busch denies the allegations set forth in Paragraph 49 of the Complaint.

50. Anheuser-Busch denies the allegations set forth in Paragraph 50 of the Complaint.

51. Anheuser-Busch denies the allegations set forth in Paragraph 51 of the Complaint.

52. Anheuser-Busch denies the allegations set forth in Paragraph 52 of the Complaint.

53. Anheuser-Busch denies the allegations set forth in Paragraph 53 of the Complaint.

54. Anheuser-Busch denies the allegations set forth in Paragraph 54 of the Complaint.

55. Anheuser-Busch denies the allegations set forth in Paragraph 55 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Injury to Business Reputation or Dilution Under State Law)

56. Anheuser-Busch repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 55 of the Complaint.

57. Anheuser-Busch denies the allegations set forth in Paragraph 57 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Violation of State Unfair Trade Practices Act)

58. Anheuser-Busch repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 57 of the Complaint.

59. Anheuser-Busch denies the allegations set forth in Paragraph 59 of the Complaint.

## V. PRAYER FOR RELIEF

60. Insofar as Paragraphs 60-63 indicate Plaintiff's prayer for relief, no response is required; however, in abundance of caution and to the extent Paragraphs 60-63 are construed to include allegations by Plaintiff, Anheuser-Busch denies these allegations and further denies that any basis exists to grant the relief set forth in Paragraphs 60-63.

## VI. DEFENSES

By listing the defenses below, Anheuser-Busch does not concede that it has the burden of proof on any of these defenses. Anheuser-Busch reserves the right to assert additional defenses that become known through the course of discovery in this action.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-Infringement)

Anheuser-Busch has not infringed any trademark owned by Plaintiff under federal or state law.

## THIRD DEFENSE
### (Laches)

Plaintiff's claims are barred because Plaintiff has unreasonably delayed in asserting any alleged rights against Anheuser-Busch and Anheuser-Busch has relied in good faith on this delay to its prejudice.

## FOURTH DEFENSE
### (Acquiescence)

Plaintiff's claims are barred because, to the extent that Plaintiff has any rights to a mark confusingly similar to the phrase "Ultimate Fan", Plaintiff has consented to Anheuser-Busch's use of this phrase in the promotion of Anheuser-Busch's malt beverage products

## FIFTH DEFENSE
### (Estoppel)

Plaintiff's claims are barred under the doctrine of estoppel.

## SIXTH DEFENSE
### (Abandonment)

Plaintiff's claims are barred because, to the extent that Plaintiff has any right to a mark confusingly similar to the phrase "Ultimate Fan", Plaintiff has discontinued use with intent not to resume, and/or Plaintiff has caused its alleged mark to lose its significance as an indication of origin.

## SEVENTH DEFENSE
### (Fraud in the Procurement and Maintenance of the Trademark)

Plaintiff's claims are barred because U.S. Registration No. 1,348,458 is invalid because of fraud committed on the USPTO. Plaintiff intentionally made a false representation

regarding a material fact to the USPTO, and/or willfully withheld material information from the USPTO, that Plaintiff knew was a false representation. But for Plaintiff's false representation, the USPTO would not have issued and/or renewed U.S. Registration No. 1,348,458.

## EIGHTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred under the doctrine of unclean hands.

## NINTH DEFENSE
### (Trademark Misuse)

Plaintiff's claims are barred because Plaintiff has misused any trademark rights it may have had by enforcing a fraudulently obtained registration and in violation of other laws.

## TENTH DEFENSE
### (No Damages)

Plaintiff has not been damaged in any amount, manner or at all by reason of any act alleged against Anheuser-Busch in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## ELEVENTH DEFENSE
### (Failure to Mitigate)

Without admitting that Plaintiff's Complaint states a claim, Plaintiff has failed to mitigate damages, if any.

## TWELFTH DEFENSE
### (Duplicative Claims)

Without admitting that Plaintiff's Complaint states a claim, any remedies are limited to the extent that Plaintiff seeks an overlapping or duplicative recovery pursuant to its various claims for any alleged single wrong.

1093885v1

**COUNTERCLAIMS**

Defendant Anheuser-Busch by and through undersigned counsel, for its Counterclaims against Plaintiff Action Ink, Inc. alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows

**I. NATURE OF THE ACTION**

1. This dispute arises from efforts undertaken by Action Ink to assert pressure inappropriately and unlawfully against Anheuser-Busch to abandon its valid and legal rights to the use of the phrase "Ultimate Fan" based on allegations of a similar mark purportedly owned by Action Ink. Since well before September 2009, Anheuser-Busch has used the phrase "Ultimate Fan" in conjunction with its famous marks for the promotion of its malt beverage products. On two separate occasions, separated by over two years, Action Ink has contacted Anheuser-Busch asserting certain trademark rights in a phrase similar to "Ultimate Fan" without providing any example of Action Ink using its alleged mark in connection with goods or services of any sort. Anheuser-Busch has inquired repeatedly, in late 2009 and again in late 2011, for information regarding Action Ink's purported use of its alleged mark to no avail. In the face of Plaintiff's silence, Anheuser-Busch has nothing but a registration by the USPTO dated July 9, 1985 and information publicly available through the USPTO and otherwise to substantiate Plaintiff's allegations.

2. The continued registration of U.S. Trademark Registration No. 1,348,458 on which Plaintiff purports to base its allegations against Anheuser-Busch impairs Anheuser-Busch's right to the valid and legal use of the phrase "Ultimate Fan", for example, in connection with promotions and/or sweepstakes. Such impairment, as well as efforts herein undertaken to defend against Plaintiff's allegations, cause damage to Anheuser-Busch, requiring cancellation of U.S. Trademark Registration No. 1,348,458.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Action Ink because Action Ink is a resident of the State of Louisiana and this judicial district.

4. This Court has jurisdiction over the subject matter of this action (i) pursuant to 28 U.S.C. § 1331 and 1338; and (ii) pursuant to 28 U.S.C. § 1367(a) as this Counterclaim is so related to Action Ink's Claims that they form part of the same case or controversy under Article III of the United States Constitution and are compulsory Counterclaims under Fed.R.Civ.P. 13(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because, among other things, a substantial part of the events or omissions giving rise to the claim occurred in this District and/or a substantial part of property that is subject of the action is situated in this District.

## III. THE PARTIES

6. Anheuser-Busch is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

7. Anheuser-Busch is informed, and on that basis alleges, that Action Ink has its principal place of business in New Orleans, Louisiana.

## IV. FACTUAL ALLEGATIONS

8. Since well before September 2009, Anheuser-Busch has used the phrase "Ultimate Fan" in conjunction with Anheuser-Busch's famous marks (<u>e.g.</u> BUDWEISER, BUD LIGHT) for the promotion of its malt beverage products in various promotions and/or sweepstakes such as the "Bud Light®/Redskins Ultimate Fan Sweepstakes".

9. Anheuser-Busch first became aware of Action Ink in or about September 2006. Anheuser-Busch first became aware that Action Ink purportedly engaged in business in

any respect when Action Ink sent a cease and desist letter in or about September 2009 alleging ownership in a mark similar to the phrase "Ultimate Fan". Since Anheuser-Busch had no prior knowledge of any business activity by Action Ink or any use of its alleged mark, counsel for Anheuser-Busch contacted Action Ink on or about October 20, 2009 to request more details regarding Action Ink's services as well as examples of any current use of Action Ink's alleged mark. Anheuser-Busch received no answer in response.

10. In reliance on Action Ink's silence, Anheuser-Busch continued using the phrase "Ultimate Fan" in conjunction with its marks for the promotion of its malt beverage products in promotions and/or sweepstakes through to the present.

11. Anheuser Busch received no further communication from Action Ink until in or about November 2011, when Action Ink submitted a similar cease and desist letter. Anheuser-Busch again requested further information from Action Ink regarding its alleged mark, including examples of use of the alleged mark by Action Ink. Again, Action Ink did not respond until, on or about January 18, 2012, Anheuser-Busch received notice that Action Ink filed the present action.

## COUNT I
### (Cancellation of Plaintiff's Federal Registration)

12. Anheuser-Busch realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 11 of its Counterclaim.

13. Anheuser-Busch is likely to be damaged by continued registration of U.S. Trademark Registration No. 1,348,458 in that, since at least September, 2009, Anheuser-Busch has continuously used the phrase "Ultimate Fan" in conjunction with its famous marks for the promotion of its productions in connection with promotions and/or sweepstakes.

14. Anheuser-Busch has a valid and legal right to use the phrase "Ultimate Fan".

15. Anheuser-Busch is likely to be damaged by continued registration of the Plaintiff's alleged mark in that the prima facie evidentiary effect of such registrations tends to impair Anheuser-Busch's right to the valid and legal use of the phrase "Ultimate Fan".

16. Pursuant to 15 U.S.C.A. § 1119, this Court is empowered to order the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's U.S. Trademark Registration No. 1,348,458 and to grant such further relief as the Court may deem just and proper.

WHEREFORE, Anheuser-Busch prays that judgment be awarded in its favor as follows:

(a) Dismissing Plaintiff's Complaint in its entirety with prejudice at Plaintiff's cost;

(b) Ordering the Commissioner of Patents and Trademarks to cancel the registration of U.S. Trademark Registration No. 1,348,458;

(c) Granting Anheuser-Busch its reasonable attorney's fees, costs and disbursements in this action; and

(d) Granting such other and further relief as the Court deems just and proper.

Dated: May 17, 2012

Respectfully submitted,


By: /s/ Lesli D. Harris

Phillip A. Wittmann, 13625 (T.A.)
  PWittmann@stonepigman.com
Michael Q. Walshe, Jr., 23968
  MWalshe@stonepigman.com
Lesli D. Harris, 28070
  LHarris@stonepigman.com
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Tel:   (504) 581-3200
Fax:   (504) 581-3361

Peter E. Moll
  Peter.Moll@cadwalader.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Tel:   (202) 862-2200
Fax:   (202) 862-2400

John P. Halski
  John.Halski@cadwalader.com
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Tel:   (212) 504-6000
Fax:   (212) 504-6666
*Attorneys for Anheuser-Busch LLC*

-16-

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Defendant Anheuser-Busch, LLC's Amended Answer to Plaintiff's Complaint and Counterclaim has been served upon all counsel of record by notice from the Court's CM/ECF system, this 17th day of May, 2012.

*/s/ Lesli D. Harris*