UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ACTION INK, INC.                                    CIVIL ACTION

VERSUS                                              NO: 12-141

ANHEUSER-BUSCH, INC.                                SECTION: R

## ORDER AND REASONS

Before the Court is plaintiff Action Ink, Inc.'s motion to review the order issued by Magistrate Judge Wilkinson on October 31, 2012.[1] The Order granted in part and denied in part plaintiff's motion to compel the Rule 30(b)(6) deposition of defendant, Anheuser-Busch, Inc.[2] Because the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law, the Court DENIES plaintiff's motion.

### I.    BACKGROUND

This suit arises out of defendant Anheuser-Busch's alleged infringement of plaintiff Action Ink's trademark "The Ultimate Fan." After defendant failed to designate Rule 30(b)(6) representatives to testify on a number of topics identified by plaintiff, plaintiff filed a motion to compel the 30(b)(6) depositions. Magistrate Judge Wilkinson denied plaintiff's motion

---

[1]    R. Doc. 59.

[2]    R. Doc. 41

on several of the topics, finding them to be so broadly worded that they included information irrelevant to plaintiff's claim concerning its trademark.[3] Magistrate Judge Wilkinson granted in part and denied in part plaintiff's motion as to other topics, permitting the subjects but narrowing their scope. Plaintiff now seeks review of the Magistrate Judge's denial or denial in part of eight topics, in addition to the denial of an award of attorneys' fees or costs incurred in connection with the motion to compel.[4]

## II.   STANDARD

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.;* Fed. R. Civ. P. 72(a); *see also Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens,* 487 F.3d 232, 240 (5th

---

[3]   R. Doc. 59.

[4]   *Id.*

Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**III. DISCUSSION**

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff first challenges the Magistrate Judge's determination that the topics of trademark licenses between defendant and third parties, royalty revenues received from those licenses, and other trademark infringement claims against defendant are overly broad and include information that is not relevant to plaintiff's claim.

Plaintiff asserts that to prove the value of a trademark license for "The Ultimate Fan," it would be helpful to review defendant's licenses with third parties not involved in the suit. Plaintiff cites a case in which the calculation of a reasonable royalty rate involved a comparison of the proposed rate and the rates of other licenses. *See Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1343 (7th Cir. 1994). But, in *Sands*, the Seventh Circuit Court of Appeals had previously determined that the trial court calculated incorrectly the plaintiff's monetary award, and thus it required the trial court to establish a baseline reasonable royalty to determine the appropriate award.

*Id.* Further, the trial court then estimated a royalty rate based on the *plaintiff*'s prior licenses and policies, since the defendant refused to disclose its prior licenses. *Id.* at 1343-44. Therefore, the case does not support plaintiff's contention that defendant's prior licenses with other companies are necessarily relevant to the royalties for plaintiff's trademark, particularly given the case-by-case nature of a determination of relevance. Plaintiff's desire to address unrelated trademark infringement claims against defendant is another exceptionally broad request for information that appears to have minimal relevance to the dispute here. In light of the extent to which these topics would expand the scope of the 30(b)(6) depositions, the Court does not find the Magistrate Judge's Order denying inclusion of these topics to be clearly erroneous or contrary to law.

The Court also finds that plaintiff has not demonstrated that reversal of the Magistrate Order is warranted on the topic of defendant's defenses. Magistrate Judge Wilkinson held that plaintiff's request for "facts" related to certain legal defenses asserted by defendant fails to "describe with reasonable particularity the matters for examination".[5] *See* Fed. R. Civ. P. 30(b)(6). Plaintiff is entitled to inquire about the defenses asserted by defendant, namely laches, acquiescence, estoppel, abandonment, fraud, unclean hands, and trademark misuse. But,

---

[5] R. Doc. 59.

given that plaintiff vaguely requests "facts" related to these defenses, the Court does not find that Magistrate Judge Wilkinson was mistaken in his determination that plaintiff's request lacks particularity.

Plaintiff also seeks reversal of the Order's partial denial of four other topics identified by plaintiff. Magistrate Judge Wilkinson granted plaintiff's motion to compel deposition testimony on the topics but limited the scope of the subject matter to the trademark at issue. Thus, the Order stated that the topic of defendant's "negotiation of the license agreement with the NFL . . . particularly any indemnification for trademark infringement claims and oversight of marketing campaigns that would include 'The Ultimate Fan' promotions," was overly broad.[6] Magistrate Judge Wilkinson allowed the topic but limited it to negotiations concerning the use of "The Ultimate Fan."[7] Similarly, Magistrate Judge Wilkinson narrowed plaintiff's request for testimony on defendant's marketing plans from 2006-2012 to marketing on the "The Ultimate Fan" trademark specifically.[8] Magistrate Judge Wilkinson also limited the motion to compel related to defendant's beer sales to beer sales and

---

[6]   R. Doc. 59.

[7]   *Id.*

[8]   *Id.*

profits for defendant's products "as to which the Ultimate Fan promotion was run."[9] Lastly, Magistrate Judge Wilkinson denied plaintiff's request for information on defendant's communications with advertising agencies about "The Ultimate Fan" promotions but granted the motion to compel deposition testimony on communications concerning "plaintiff's assertion of trademark rights in 'The Ultimate Fan'".[10]

The Court does not find that the Magistrate Judge's partial denial of plaintiff's motion to compel and narrowing of the proposed topics are clearly erroneous or contrary to law. Within the topics proposed, Magistrate Judge Wilkinson allowed plaintiff to seek information concerning its specific trademark, thereby ensuring that the Rule 30(b)(6) depositions would address the topics that plaintiff found relevant without including overly broad information of questionable relevance. Plaintiff's requests would expand the scope of the deposition topics to a potentially unmanageable degree, and plaintiff has not demonstrated the relevance of such broad topics other than to contend that the information would be helpful for comparison purposes.

Therefore, the Court finds that the Order's denial of plaintiff's motion to compel deposition testimony on defendant's

---

[9]   R. Doc. 59.

[10]  *Id.*

overall business, rather than its actions related to "The Ultimate Fan" trademark does not merit reversal. Further, given Magistrate Judge Wilkinson's partial grant and partial denial of plaintiff's motion, the Court finds that his determination that each party should bear its own attorneys' fees and expenses is neither clearly erroneous nor contrary to law.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to reverse the Magistrate Judge's Order issued on October 31, 2012.

New Orleans, Louisiana, this 20th day of December, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE