UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ACTION INK, INC. CIVIL ACTION

VERSUS NO: 12-141

ANHEUSER-BUSCH, INC. SECTION: R

**ORDER AND REASONS**

Before the Court is plaintiff Action Ink's Rule 59 motion to alter, amend, or reconsider the Court's Order granting defendant's motion for summary judgment.[1] For the following reasons, the Court DENIES plaintiff's motion.

## I. BACKGROUND

The Court discussed the facts giving rise to this litigation at length in its July 17, 2013 Order,[2] and will not repeat them here. In that Order, the Court held that summary judgment was appropriate on plaintiffs' claims for trademark infringement and unfair competition, for two independent reasons. First, the Court held that Judge Milazzo's ruling in *Action Ink, Inc. v. New York Jets, LLC et al.* that plaintiff abandoned the mark was binding on this Court via the doctrine of collateral estoppel.[3] Second, the

---

[1] R. Doc. 149.

[2] R. Doc. 146 at 1-6.

[3] *Id.* at 9-13.

Court found that plaintiff had failed to present sufficient evidence of likelihood of confusion between its purported mark and defendants' mark to survive summary judgment.[4]

Plaintiff timely filed a timely Rule 59(e) motion to alter or amend the judgment. Plaintiff argues that the Court committed manifest errors of fact and law in its analysis of both the abandonment and likelihood of confusion issues, and that manifest injustice will occur as a result of these errors.

## II. STANDARD

A district court has considerable discretion to grant or to deny a Rule 59(e) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising this discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.*

Reconsideration or alteration of an earlier order "is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 472, 479 (5th Cir. 2004). A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79. Thus, to succeed on such a motion, a party must satisfy at least one of the following

---

[4] *Id.* at 14-23.

criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *E.g.*, *Athletic Training Innovations, LLC v. eTagz, Inc.*, No. 12-2540, 2013 WL 3216135 (E.D. La. June 24, 2013); *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).

**III. DISCUSSION**

Plaintiff has failed to show that the Court committed manifest errors of fact or law in its Order granting summary judgment to defendants, or that the Court's Order will result in manifest injustice. Instead, plaintiff's motion for the most part simply rehashes arguments already presented to the Court.

**A. Collateral Estoppel**

The Court held that Judge Milazzo's ruling in the *Jets* case that plaintiff abandoned the mark at issue was binding on this Court under collateral estoppel principles. Plaintiff does not argue that the Court incorrectly applied the doctrine of collateral estoppel. Instead, plaintiff merely reurges its contention that Judge Milazzo's ruling was incorrect on the merits. But as the Court previously made clear, Judge Milazzo's

ruling is binding whether it was correct or not. Plaintiff's arguments on the abandonment issue are thus irrelevant.

**B. Likelihood of Confusion**

Plaintiff has also failed to show that the Court committed errors of fact or law in its likelihood of confusion analysis. The Court properly considered and analyzed each of the "digits of confusion" used to evaluate likelihood of confusion[5] in response to defendant's claim in its motion for summary judgment that "Action Ink cannot establish likelihood of confusion."[6] The Court declines to reconsider its analysis based on legal arguments that plaintiff had ample opportunity to present when responding to defendant's summary judgment motion. *See Templet*, 367 F.3d 472, at 478-79 (noting that a Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

Plaintiff purports to present "newly discovered evidence" that there was "confusion in the proper application of The Ultimate Fan Mark": an e-mail from the Philadelphia Eagles to defendant that reads, "Do you have a license to use the 'Ultimate Fan' phrase, because we know it's currently trademarked."[7]

---

[5] *See* R. Doc. 146 at 15-23.

[6] R. Doc. 125 at 28.

[7] R. Doc. 149-2 at 3.

Assuming for the sake of argument that this e-mail constitutes "newly discovered evidence" under Rule 59, the Court finds it irrelevant to the actual confusion analysis. The e-mail does not show that any individual or entity was confused about the origin of any product or service. Instead, it merely shows that someone in the Eagles organization knew that the phrase "The Ultimate Fan" was trademarked.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration.

New Orleans, Louisiana, this 17th day of October 2013.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE